**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jerry Ray JAMES, Defendant-Appellant.**

**No. 71-1793.**

United States Court of Appeals, Fifth Circuit.

April 21, 1972.

John R. Foster, Del Rio, Tex. (court appointed) for defendant-appellant.

William S. Sessions, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

Appellant was convicted in June, 1968 of participation in a massive conspiracy to burglarize a number of banks in the southwestern part of the United States.[1] He and codefendants were sentenced under 18 U.S.C. § 4208(b) for study as provided in § 4028(c), and as required by § 4208, pending study received the maximum sentences of imprisonment for five years and fines of $10,000. All defendants appealed. The period of study was enlarged at the request of prison officials and final reports were submitted to the District Court in September 1968. The convictions were then on appeal, and the District Court erroneously thought that it had no jurisdiction to proceed with final sentencing which, under § 4208 must be imposed without unreasonable delay. Howard v. United States, 332 F.2d 82 (5th Cir. 1964); United States v. Bolduc, 363 F.2d 832 (5th Cir. 1968); Fed.R.Crim.P. Rule 32(a) (1). He did not impose final sentence until March, 1971, which was shortly after appellant had exhausted his appellate remedies and the mandate had been received by the District Court.[2] The five year term was affirmed by the sentencing judge but the sentence modified to provide eligibility for parole under 18 U.S.C. § 4208(a) (2) and to remit the fine. Appellant appeals from a denial of his motion to vacate, based on the delay in imposing final sentence.

There was unreasonable delay based on the District Court's misunderstanding of the law, but the appellant has suffered no meaningful loss of or injury to his rights. Shortly after the initial sentence was given in 1968, and before the time that any delay in sentencing in the present case could be said to

1. In violation of 18 U.S.C. § 371.

2. The appeal was delayed because of the length of the record (9,000 pages). The trial consumed six months. Conviction was affirmed in October, 1970, United States v. James, 432 F.2d 303 (5th Cir.), and rehearing denied in January 1971. The mandate was received in January 1971, and the final sentence imposed in March. Certiorari was denied in June, 1971. 403 U.S. 906, 91 S.Ct. 2214, 29 L.Ed. 682.

be unreasonable, appellant was sentenced in the United States District Court for the Northern District of Texas to a six-year term on a plea of guilty to burglarizing a Texas bank. At the time of his arrest appellant was a fugitive from New Mexico under a 12-year sentence for maiming and from Mississippi under a three-year sentence for armed robbery. These sentences are presently unserved. Also there were charges pending against him in Louisiana. Appellant's claim that the § 4208(b) commitment, not made final, deprived him of chance for a parole is purely hypothetical in the circumstances of this case. The District Court did not err in refusing to vacate the sentence. Nor was there error in refusing to conduct a plenary hearing, with oral testimony, at the time of final sentencing, to allow appellant to present evidence which he claimed would show he had been rehabilitated since the 1968 study was completed. This was a matter in the discretion of the sentencing judge.

Affirmed.