Junior Wayne PEDIGO, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee. (Two Cases)

Court of Appeals of Kentucky.

Nov. 12, 1982.

Discretionary Review Denied Feb. 9, 1983.

David Goin, Harrison & Goin, Scottsville, Jack E. Farley, Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and GANT and HOWARD, JJ.

HAYES, Chief Judge:

These two cases have been consolidated on appeal. In case No. 82–CA–397–MR, the appellant, Junior Wayne Pedigo, complains that the sentence he received twenty-one (21) months after his plea of guilty on various felony indictments was a denial of due process of law and in violation of RCr 11.-02(1).

In case No. 82–CA–1000–MR, the appellant was convicted as a persistent felon and sentenced to five (5) years in the penitentiary. The issues on appeal in this case are: (1) the trial court erred in permitting trial counsel but one (1) hour prior to trial to consult with his client; (2) the trial court erred in permitting too many uniformed law officers in the courtroom during trial; (3) the trial court erred in permitting a copy of a bail bond to be admitted into evidence instead of the original, and (4) the persistent felony offense conviction was erroneous because the jury was permitted to consider a conviction of appellant for which he was conditionally discharged. We affirm both cases.

On April 29, 1980, Pedigo pled guilty to third-degree burglary, theft by unlawful taking over $100.00, receiving stolen property, and second-degree escape. The plea bargaining agreement was that he would receive a total sentence of six (6) years.

Pedigo was to return to court on May 15, 1980 for a probation hearing even though under KRS 533.060 the appellant was not eligible for probation or conditional discharge. When he pled guilty to the above felonies on April 28th, he was on conditional discharge.

Pedigo did not return to court on May 15th. He had been arrested in another jurisdiction and was awaiting trial on another felony charge for which he was convicted and sentenced to the penitentiary on September 26, 1980. Pedigo was indicted for first-degree bail jumping, KRS 520.-070(1), and as a first-degree persistent felony offender.

Pedigo was tried three (3) times on this indictment, finally being convicted by a jury on January 27, 1982. For some reason unknown to us and unexplained in the record, Pedigo was not sentenced on his April 28, 1980 plea during all this time. Sentence was finally entered on February 4, 1982 on the plea of guilty entered April 28, 1980 and on the conviction for persistent felony offender in the second-degree. This last conviction (for bail jumping and persistent felony offender in the second-degree) appears from the record to have been the twentieth (20th) felony conviction for Pedigo, born April 3, 1956.

*Appeal No. 82–CA–397–MR*

██ RCr 11.02(1) states, "Sentence shall be imposed without unreasonable de-

lay . . .". Orderly procedure and due process demand that the sentence be pronounced without unreasonable delay. *Green v. Commonwealth,* Ky., 400 S.W.2d 206 (1966). However, RCr 11.02(1) is not an absolute and whether or not there has been unreasonable delay depends upon the circumstances of each case. The test to be applied is whether the delay was oppressive or purposeful. *Pollard v. U.S.,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).

█ It is obvious then that the mere passage of time alone (here 21 months) is not sufficient to meet the oppressive or purposeful test. In *U.S. v. James,* 459 F.2d 443 (5th Cir.1972), about three (3) years had passed between conviction and final sentencing. Unreasonable delay was found but no relief was granted because the defendant could show no meaningful loss of or injury to his constitutional rights. It appears from the sparse facts as reported in *James,* that the defendant there had the same complaint as appellant. That is, that the delay was harmful because other offenses committed during the interval might be considered by the trial court on the question of parole, in *James,* probation in the instant case.

However, Pedigo received the same sentence on February 4, 1982 that he was to receive on May 15, 1980 had he been present. He was not eligible for probation under KRS 533.060(2). Pedigo has not shown that the delay was oppressive or purposeful, and even if the delay was unreasonable he has not shown any meaningful deprivation of any of his constitutional rights. Instead we have a defendant, admittedly in the penitentiary on four (4) previous occasions, having been convicted of some twenty (20) felonies, who was incarcerated the entire time between May 15, 1980 until sentencing in February, 1982 except for ten (10) days from May 15th to May 25, 1980.

As Mr. Justice Hugo Black said in *Bozza v. U.S.,* 330 U.S. 160, 166–167, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947): "The Constitution does not require that sentencing should be a game in which a wrong move by the judge

means immunity for the prisoner". Seldom should the relief of discharging a defendant be granted under RCr 11.02(1) and we shall not grant that relief to Mr. Pedigo.

### Appeal No. 82–CA–1000–MR

In this case the trial court declared two (2) mistrials, first because there was a hung jury, and secondly, because the trial court failed to instruct on second-degree persistent felony offender. The third trial resulted in appellant's conviction of second-degree persistent felony offender.

It is most difficult to understand how appellant was denied effective assistance of counsel because he was only permitted to confer with his trial counsel for one (1) hour before trial the third time around when there had been two (2) previous trials. Nothing in the record indicates there was any difference in the evidence in any of the three trials. This issue is entirely without merit.

█ As to the second issue raised, the alleged over-abundance of police officers in the courtroom during trial, one need only remember that the appellant had been previously convicted of escape and some fifteen to twenty other felonies. For the third trial, appellant had to be transported from Eddyville State Penitentiary where he was serving time for armed robbery. The third trial resulted in appellant's conviction for bail jumping and second-degree persistent felony offender. There was no prejudicial error to the appellant. *Brewster v. Commonwealth,* Ky., 568 S.W.2d 232 (1978).

Another meritless issue is the alleged error by the trial court in admitting an unattested copy of the bail bond by the clerk when the original was available. The deputy clerk testified the copy was an exact copy of the original. We can not perceive of any prejudice to the appellant notwithstanding the best evidence rule he claims demands the introduction of the original.

█ Lastly, the only issue with apparent merit argued by appellant is that one of the prior felony convictions used for his persistent felony offender trial was one where he

had received a conditional discharge, and since the statute on persistent felony offenders only mentions probated sentences, he argues, felonies for which he was conditionally discharged can not be used. He claims conditional discharge and probation are not the same legally. The appellant is mistaken. For all purposes, except supervision, or the lack thereof, there is no difference between conditional discharge and probation. It is obvious to us the legislature meant to include both in the persistent felony offender law, KRS 532.080. The persistent felony offender classification is designed principally for individuals who have demonstrated a lack of capacity for rehabilitation. What difference, in this regard, would it make whether the defendant was released with or without supervision, the only difference between probation and conditional discharge? We can think of none. The trial court properly instructed on the persistent felony offender count of the indictment.

The judgments of the trial court are affirmed.

All concur.