779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILBUR JUNIOR GUTHRIE, Petitioner-Appellant,
v.
DEWEY SOWDERS, WARDEN, Respondent-Appellee.
 85-5534
 United States Court of Appeals, Sixth Circuit.
 10/1/85
 
 AFFIRMED
 E.D.Ky.
 ORDER
 BEFORE: MARTIN and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Petitioner moves for the appointment of counsel on appeal from a judgment dismissing his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the certified record and petitioner's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that on March 9, 1982 petitioner was convicted in Kenton County (Kentucky) Circuit Court on one count of criminal attempt to commit first-degree assault. His eight-year sentence on the assault charge was then enhanced to 15 years upon his subsequent conviction as a persistent felony offender in the first degree.
 
 
 3
 After exhausting state remedies, petitioner filed the present habeas corpus petition in the district court, attacking his convictions on two grounds:
 
 
 4
 1. That the assault conviction was not supported by sufficient evidence; and
 
 
 5
 2. That a prior conviction was improperly used to support the persistent felony offender conviction.
 
 
 6
 The case was assigned to a Magistrate, who on February 22, 1985, issued a report recommending that the petition be dismissed. This recommendation, in turn, was adopted by judgment of the district court.
 
 
 7
 Petitioner claims that the evidence presented at trial was insufficient to support a conviction for criminal attempt to commit first-degree assault. The testimony for the Commonwealth was that on November 3, 1981, petitioner and two companions name to the home of John Barnett to steal Barnett's pick-up truck. While petitioner and Elty Fox waited in a car parked nearby, the third member of the group, Rick Bowman, was tampering with the truck. Barnett saw what was taking place, grabbed a gun and ran outside. When he appeared on the porch, Bowman fled on foot. Barnett then confronted the other two who were still in the car and told them to remain where they were while he chased Bowman. Barnett testified that as he ran down the street, petitioner and Fox attempted to run him down with their car and petitioner fired a shot at Barnett, causing a minor flesh wound to his buttocks.
 
 
 8
 Section 508.010, Kentucky Revised Code, provides that a person is guilty of assault in the first degree if he intentionally causes serious physical injury to another person by means of a deadly weapon. KRS 506.010(1)(b) provides that a person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime, he intentionally commits an act which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime. The Commentary (1974) to KRS Chapter 508 provides that the crime of attempt to commit assault is recognized in Kentucky: 'It will occur with an intentional but unsuccessful effort of a defendant to inflict bodily injury upon another.'
 
 
 9
 ?? the evidence clearly establishes that petitioner fired a shot at Barnett with ?? inflict serious bodily injury upom him. Barnett was in fact grazed by a bullet ?? a contusion therefrom. Reviewing the record in the light most favorable ?? prosecution, it appears that a rational factfinder could readily have found ?? guilty beyond a reasonable doubt of criminal attempt to commit first-degree ?? under Kentucky law. Jackson v. Virginia, 443 U.S. 307, 324 (1979). Petitioner's ?? claim of error is therefore without merit.
 
 
 10
 In addition to the criminal attempt charge, Guthrie was indicted for being a first ?? persistent felony offender in violation of KRS 532.080(3). At the second stage of his trial, it was established that Guthrie had been convicted of the felony offense of storehouse breaking on two occasions, once in 1967 and again in 1973. Although his ?? on the latter conviction did not expire until February 2, 1978, Guthrie was ?? released' from prison on October 9, 1976.
 
 
 11
 Guthrie contends here, as he did in the Kentucky courts, that he was denied due process of law since the prosecution failed to prove that he had been discharged from probation or parole within five years of the date of commission of the criminal attempt offense November 3, 1981.
 
 
 12
 Under the version of KRS 532.080(3) in effect at the time of Guthrie's offense, ?? person is a first degree persistent felony offender if, inter alia, he '[w]as discharged from probation or parole on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted.' The Kentucky Court of Appeals, relying on an earlier decision, Pedigo v. Commonwealth, Ky.App., 644 S.W.2d 355, 357-58 (1982) (equating conditional discharge to unsupervised probation), found that conditional discharge was legally the same as parole.
 
 
 13
 At trial, evidence was elicited that establishes that conditional discharge/release from prison differed from parole in that a parolee is under supervision. If either one ?? the conditions of their release, they could be returned to prison for service of ?? remainder of their sentence.
 
 
 14
 It appears that in applying former KRS 532.080(3) to petitioner's case, the trial court violated neither the ex post facto clause nor petitioner's right to receive fair notice of the charges against him. Marks v. United States, 430 U.S. 188, 191 (1977). Petitioner's second claim therefore appears to lack merit.
 
 
 15
 The questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 16
 Therefore, it is ORDERED that petitioner's motion for appointment of counsel be denied and the judgment of the district court is hereby affirmed.