UNITED STATES of America, Appellee,

v.

Michelle Anne LABELLA–SZUBA,
Defendant–Appellant.

Nos. 1776, Docket 96-1058.

United States Court of Appeals,
Second Circuit.

Argued June 27, 1996.

Decided Aug. 19, 1996.

Bruce R. Bryan, Syracuse, NY, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney, Syracuse, N.Y. (Thomas J. Maroney, United States Attorney for the Northern District of New York, of counsel), for Appellee.

Before MINER, JACOBS and PARKER, Circuit Judges.

MINER, Circuit Judge:

Defendant-appellant Michelle Anne LaBella–Szuba appeals from a judgment of conviction and sentence entered in the United States District Court for the Northern District of New York (Munson, J.) following her plea of guilty to a one-count information charging her with harboring an escaped prisoner, in violation of 18 U.S.C. § 1072. In calculating defendant's criminal history category under the Sentencing Guidelines, the district court added two criminal history points on the ground that she committed the

instant offense while under a criminal justice sentence. The district court also enhanced defendant's offense level by two levels, having found that she willfully obstructed the administration of justice during the prosecution of the offense by failing to appear for a preliminary hearing. Accordingly, the court sentenced defendant to a one-year and one-day term of imprisonment, a one-year term of supervised release, and a $50 special assessment.

For the reasons that follow, we affirm the judgment of the district court.

## BACKGROUND

On April 3, 1995, a criminal complaint was filed against defendant. According to the complaint, defendant assisted in the escape of Jeffrey Kratzenberg from the custody of the Attorney General after Kratzenberg was released from federal prison on an emergency furlough. The complaint states that, on April 1, 1995, three days after Kratzenberg was due to return to prison, federal law enforcement officers located defendant driving a rental car in Utica, New York. Following efforts by defendant to elude surveillance of her vehicle, law enforcement officials apprehended her, along with Kratzenberg, who had been lying on the backseat of the car.

On April 3, 1995, defendant appeared before Magistrate Judge DiBianco of the Northern District of New York. Magistrate Judge DiBianco released defendant from custody on the conditions that she report to Pretrial Services on April 5, 1995 and that she not commit any other offense in violation of federal, state, or local law. A preliminary examination was scheduled for April 26, 1995.

Following her release, defendant failed to report to Pretrial Services on April 5, 1995 as directed. Instead, on April 5th, she called Pretrial Services and claimed that she could not arrange transportation to its offices in Syracuse, New York. Pretrial Services then received three additional phone calls from defendant over the next two days. However, defendant never reported to the Syracuse offices. When Pretrial Services attempted to contact defendant by calling a telephone number that she had provided, defendant's mother answered and stated that defendant did not live there and that her whereabouts were unknown.

On April 25, 1995, defendant's attorney and counsel for the government signed a written stipulation stating that defendant's whereabouts were unknown. The stipulation also stated that the parties agreed to adjourn the preliminary examination until defendant could be located. On the following day, defendant, unaware of the stipulation, failed to appear for the scheduled preliminary examination.

On July 8, 1995, defendant was arrested in Rome, New York by local authorities and was charged with criminal possession of stolen property. She was convicted of this offense on July 12, 1995 and sentenced to incarceration for 90 days in the Oneida County Jail. Federal authorities subsequently located defendant at the jail and obtained a warrant for her arrest on the ground that she had violated the conditions of her release.

On October 17, 1995, defendant pleaded guilty to a one-count information charging her with willfully harboring and concealing a prisoner after his escape from a federal correctional facility, in violation of 18 U.S.C. § 1072. The Presentence Investigation Report indicated that, at the time defendant committed the instant offense, she had been convicted of at least one violation, one felony, and nine misdemeanors. One misdemeanor was a conviction on January 11, 1994 in Herkimer Village Court for petit larceny. As a result of that conviction, defendant had been sentenced to a one-year conditional discharge.

At sentencing on January 12, 1996, the district court, in calculating defendant's criminal history category, added two criminal history points, pursuant to U.S.S.G. § 4A1.1(d), because defendant had committed the offense of conviction while under the conditional discharge sentence imposed by the Herkimer Village Court. The district court also enhanced defendant's offense level by two levels, pursuant to U.S.S.G. § 3C1.1, having found that she willfully obstructed the administration of justice by failing to appear for the April 26th preliminary examination. This appeal followed.

## DISCUSSION

■ On appeal, defendant claims that the district court, in calculating her criminal history category, erred by adding two criminal history points, pursuant to U.S.S.G. § 4A1.1(d), for committing the offense of conviction while under a criminal justice sentence. Specifically, defendant argues that her conditional discharge sentence arising from her conviction in the Herkimer Village Court was not a "criminal justice sentence" under § 4A1.1(d) because her sentence lacked a supervisory component. We disagree.

Section 4A1.1(d) provides that, when calculating a defendant's criminal history category, a sentencing court is required to "[a]dd 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." A "criminal justice sentence" is defined in Application Note 4 of the Commentary to § 4A1.1 as "a sentence ... having a custodial or supervisory component, although active supervision is not required for this item to apply." The Commentary further explains that "a term of unsupervised probation would be included [in the definition of a criminal justice sentence]; but a sentence to pay a fine, by itself, would not be included."

At the time defendant committed the offense of conviction, she was subject to a one-year conditional discharge under N.Y. Penal Law § 65.05 (McKinney 1995), arising from her petit larceny conviction in the Herkimer Village Court. Under § 65.05, the Herkimer Village Court could revoke defendant's conditional discharge sentence if she committed another offense prior to the termination of the period of conditional discharge. See N.Y. Penal Law § 65.05(2) ("The court may modify or enlarge the conditions or, if the defendant commits an additional offense or violates a condition, revoke the sentence at any time prior to the expiration or termination of the period of conditional discharge."). Although defendant's sentence did not include active supervision, her sentence did include a supervisory component in that the Herkimer Village Court retained the power to revoke her conditional discharge sentence. We think that this supervisory component is sufficient to bring defendant's conditional discharge sentence within the meaning of a "criminal justice sentence" under § 4A1.1(d).

Moreover, the Commentary to § 4A1.1, which states that a term of unsupervised release is a criminal justice sentence under § 4A1.1(d), further supports the holding that defendant's conditional discharge sentence is a criminal justice sentence because there is no discernible difference between a conditional discharge sentence and a sentence of unsupervised release. Indeed, every circuit that has compared a conditional discharge sentence to a sentence of unsupervised release has found them to be functionally equivalent. See, e.g., United States v. Miller, 56 F.3d 719, 722 (6th Cir.1995) (holding that a "conditional discharge is the 'functional equivalent' of an unsupervised probation under U.S.S.G. § 4A1.1(d)"); United States v. Lloyd, 43 F.3d 1183, 1188 (8th Cir.1994) (holding "the nature of a sentence of 'conditional discharge' to be the functional equivalent of 'unsupervised probation'"); United States v. Caputo, 978 F.2d 972, 977 (7th Cir.1992) (stating that "unsupervised probation equals conditional discharge"). Accordingly, the district court properly found defendant's conditional discharge sentence to be a criminal justice sentence under § 4A1.1(d), and added two criminal history points for committing the offense of conviction while under a criminal justice sentence.

■ Defendant also challenges the district court's two-level enhancement of her offense level, pursuant to U.S.S.G. § 3C1.1. In increasing defendant's offense level, the district court found that defendant willfully obstructed the administration of justice during the prosecution of the offense by failing to appear for the April 26th preliminary examination. Defendant claims that her failure to appear for the preliminary examination cannot be considered willful because her absence was a result of drug use and was not a conscious attempt to obstruct justice.

Section § 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the adminis-

tration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Application Note 3 of the Commentary to § 3C1.1 sets forth a non-exhaustive list of examples of the types of conduct to which a § 3C1.1 enhancement applies. One example is "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding."

 An adjustment under § 3C1.1 "is appropriate only upon a finding that the defendant had the 'specific intent to obstruct justice, *i.e.*, that the defendant consciously acted with the purpose of obstructing justice.'" *United States v. Defeo,* 36 F.3d 272, 276 (2d Cir.1994) (citation omitted). However, we have held that "[c]ertain conduct ... such as intentionally failing to appear as required at judicial proceedings, is so inherently obstructive of the administration of justice that it is sufficient that the defendant willfully engaged in the underlying conduct, regardless of his specific purpose." *United States v. Reed,* 49 F.3d 895, 900 (2d Cir.1995). For instance, in *Defeo,* we held that "[f]light from pretrial services between conviction and sentencing warrants an obstruction enhancement." 36 F.3d at 276.

In the present case, defendant acknowledged at sentencing that she knew that she had been ordered to appear for the preliminary examination on April 26th. Defendant also conceded that she had been unaware of any adjournment. Thus, regardless of whether defendant acted with the specific purpose of obstructing the administration of justice, the fact that she consciously failed to appear at a judicial proceeding is sufficient for a § 3C1.1 enhancement. Moreover, we do not think that the district court was prevented from making its obstruction of justice finding by defendant's claim of drug use. Indeed, if a court were precluded from finding willfulness on account of a defendant's drug use, the function of a § 3C1.1 enhancement would be greatly undermined. *See United States v. Taylor,* 997 F.2d 1551, 1560 (D.C.Cir.1993) (holding that to adopt defendant's argument that flight motivated by fear does not constitute willfulness under § 3C1.1

would "create not a loophole in the application of the Rule, but a black hole sucking up all possible examples which the obstruction enhancement might cover"). Accordingly, we think that the district court's two-level enhancement of defendant's offense level was appropriate.

## CONCLUSION

In view of the foregoing, we affirm the judgment of the district court.