# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3428

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Raymond Thomas Haight, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 6, 2003
Filed: March 11, 2003

_____

Before BYE, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Raymond Thomas Haight pleaded guilty to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and the district court[1] sentenced him to 41 months imprisonment and 3 years supervised release. On appeal, Haight argues that the district court erred in setting his base offense level at 20 under U.S.S.G. § 2K2.1(a)(4)(A), and in assessing 2 criminal history points on the ground that he was

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

under a criminal justice sentence at the time of the instant offense. After careful review of the record, we reject Haight's arguments, and we affirm.

Because we have held previously that possession of a sawed-off shotgun was a crime of violence, we conclude that Haight's 2001 conviction warranted a base offense level of 20. See U.S.S.G. § 2K2.1(a)(4)(A); United States v. Allegree, 175 F.3d 648, 651 (8th Cir.), cert. denied, 528 U.S. 958 (1999). Further, we conclude that Haight's 2001 suspended sentence--which required his compliance with conditions and provided the sentencing court with the power to revoke, alter, or vacate the suspension--was a criminal justice sentence, warranting 2 criminal history points. See U.S.S.G. § 4A1.1(d) & comment. (n.4); United States v. Labella-Szuba, 92 F.3d 136, 138 (2d Cir.) (although defendant's sentence did not include active supervision, it was criminal justice sentence because sentencing court retained power to revoke conditional discharge), cert. denied, 519 U.S. 1047 (1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.