**UNITED STATES of America,**
**Appellee,**

v.

**Michael T. DAVIS, Defendant–**
**Appellant.**

**No. 02–1537.**

United States Court of Appeals,
Second Circuit.

March 28, 2003.

Timothy W. Hoover, Assistant Federal Public Defender, Buffalo, NY, for Appellant.

Allison Gioia, U.S. Attorney's Office, Western District of New York, Buffalo, NY, for Appellee.

PRESENT: VAN GRAAFEILAND, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is VACATED and REMANDED.

Defendant-appellant Michael Davis appeals from the September 6, 2002 judgment, subsequent to his plea of guilty, sentencing him to eight terms of 87 months of imprisonment to be served concurrently, one for each of eight counts of bank robbery for which he was convicted. Davis's sentence also included $800 in criminal penalties and payment of restitution to the victim banks.

In his appeal, Davis challenges the district court decision to add (1) an additional criminal history point pursuant to Sentencing Guideline § 4A1.1(c) for his prior conviction of second-degree harassment; and (2) an additional two criminal history points under Guideline § 4A1.1(d) because Davis was subject to conditional release for the harassment offense when he committed his final robbery.

We review the district court's application and interpretation of the guidelines de novo, *see United States v. Sanders*, 205 F.3d 549, 552 (2d Cir.2000) (per curiam), but note that "where, as here, a statute punishes a range of conduct under the broad rubric of 'harassment,' the comparison contemplated by section 4A1.2(c) must focus on the particular conduct of the defendant. In such circumstances, a sentencing judge making the 'similar to' com-

parison is applying the guideline to the facts, a matter to which we are to give 'due deference.'" *United States v. Morales,* 239 F.3d 113, 118 (2d Cir.2000) (vacating and remanding where the district court added an additional criminal history point for defendant's prior sentence of conditional release for second-degree harassment). However, while we will defer to a district court's findings, we have consistently stressed the importance of making adequate factual findings at sentencing. *See, e.g., United States v. Smith,* 174 F.3d 52, 57 (2d Cir.1999) (vacating and remanding because "[t]he district court's findings in this case are insufficient to enable us meaningfully to review the propriety of the firearm adjustments").

Here, we have no factual findings from the district court which might distinguish Davis's second-degree harassment conviction from the second-degree harassment conviction in *Morales,* where we held that the same offense was insufficient to warrant the additional criminal history point. 239 F.3d at 120. Unless Davis's offense is factually distinguished from the list of criminal justice sentences excluded from calculations under § 4A1.2(c), the additional point under § 4A1.1(c) may not be assessed. *See id.* Absent such findings, we are unable to determine whether the § 4A1.1(c) adjustment was or was not appropriate.

Davis's additional two criminal history points under Guideline § 4A1.1(d) are contingent on the disposition of the above issue. Under § 4A1.1(d), two points may be added "if the defendant committed the instant offense while under any criminal justice sentence," and a conditional discharge can qualify as a criminal justice sentence under the Guidelines. *United States v. Labella–Szuba,* 92 F.3d 136, 138 (2d Cir.1996). However, the sentence is subject to the same analysis as a possible additional point under § 4A1.1(c), in that

the sentence in question must be "countable under § 4A1.2." U.S.S.G. Commentary Note 4, § 4A1.1(d). In other words, the offense for which the criminal justice sentence was imposed can not be substantially similar to the excluded offenses in § 4A1.2(c). As a result, we are again faced with the question of whether Davis's second-degree harassment conviction in this case is distinguishable from the conviction in *Morales,* a question we do not have adequate factual findings to determine.

The judgment of the district court is VACATED and REMANDED.