Vacated by Supreme Court, March 21, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4321

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALLEN DWAYNE COATES,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-03-176; CR-03-281)

Submitted: October 1, 2004           Decided: November 3, 2004

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Allen Dwayne Coates pled guilty to crossing a state line to engage in a sexual act with a minor under twelve, 18 U.S.C. § 2241(c) (2000), and possession of child pornography, 18 U.S.C.A. § 2252A(a)(5)(B), (b)(2) (West Supp. 2004). He appeals the twenty-five-year sentence imposed by the district court, contending that the district court erred by making an enhancement for abduction under U.S. Sentencing Guidelines Manual § 2A3.1(b)(5) (2003), and by awarding one criminal history point for a two-year sentence of conditional discharge under USSG § 4A1.2(c)(1). We affirm.[*]

On July 12, 2003, Coates traveled from Kentucky to South Charleston, West Virginia, where he sexually assaulted an eleven-year-old girl in a Target store. He watched the girl in the toy department until she was separated from her mother. Coates then approached her, said he was a security guard, and told her he needed to check her because he suspected her of taking merchandise. Coates led the girl to the lawn and garden department, where he told her to sit in a chair. He showed her an open pocket knife and, according to the victim, said something like, "Don't make me

---

[*]In his reply brief, Coates contends for the first time that, under Blakely v. Washington, 124 S. Ct. 2531 (2004), his sentence violates the Sixth Amendment because it results from facts not charged in the indictment, found by a jury, or proved beyond a reasonable doubt. We reject this claim. See United States v. Hammoud, 381 F.3d 316, 2004 WL 2005622, at *28 (4th Cir. Sept. 8, 2004) (en banc) (holding that Blakely "does not affect the operation of the federal sentencing guidelines.").

use this." Coates then asked her to touch his penis with her hands and her mouth. She complied, but when customers began approaching the lawn and garden department, Coates took the girl by the wrist and led her to the men's clothing department. There he reached inside her pants and touched her genital area. Coates then concealed the girl inside a rack of clothing and again asked her to put her mouth on his penis. Coates ejaculated on her clothing and cleaned himself and her with some articles of clothing. He left the store after telling the girl not to move until he was out of the store.

On July 16, 2003, Coates was arrested in Louisville, Kentucky, and on July 18 a search warrant was executed at his home in Irvington, Kentucky. Nine sheets of paper containing visual depictions of child pornography were found there. Another seventy-two images of child pornography were found on Coates' computer.

At the sentencing hearing, over Coates' objection, the district court determined that Coates had abducted the victim, which resulted in a four-level enhancement under USSG § 2A3.1(b)(5). The court also determined that one criminal history point was correctly assigned for Coates' 1997 Kentucky sentence of conditional discharge for the offense of disorderly conduct. The court adopted the guideline calculation recommended in the presentence report and imposed a sentence of twenty-five years, or 300 months, imprisonment.

The district court's determination that Coates abducted the victim is reviewed de novo because it involves a legal interpretation of the guideline. See United States v. Kinter, 235 F.3d 192, 195 (4th Cir. 2000) (citing United States v. Nale, 101 F.3d 1000, 1003 (4th Cir. 1996)).

The term "abducted" is defined in Application Note 1(A) to USSG § 1B1.1 as meaning "that a victim was forced to accompany an offender to a different location." Coates argues that, because he and the victim remained inside the Target store, he did not force her to go to a different location, but only "shift[ed] the victim from one area to another within the same general location . . . ." However, for the enhancement to apply, the victim need not have been moved any great distance, as Coates contends. See United States v. Kills in Water, 293 F.3d 432, 437 (8th Cir. 2002) (abduction enhancement was warranted when victim voluntarily accompanied defendant to trailer where rape occurred, but was forced into trailer). We conclude that the district court did not err in deciding that Coates abducted the victim.

The district court's determination that a Kentucky sentence of conditional discharge is the equivalent of a sentence of probation is also a legal issue that we review de novo. Kinter, 235 F.3d at 195. The Sixth Circuit has repeatedly held that a Kentucky conditional discharge sentence is the functional equivalent of unsupervised probation, most recently in United

- 4 -

States v. Rollins, 378 F.3d 535, 538 (6th Cir. 2004) (citing United States v. Miller, 56 F.3d 719, 722 (6th Cir. 1995) (same); see also Harris v. United States, 204 F.3d 681, 682-83 (6th Cir. 2000) (Ohio version of conditional discharge sentence qualifies as term of probation under § 4A1.2(c)(1)); Pedigo v. Commonwealth, 644 S.W.2d 355, 358 (Ky. Ct. App. 1982) (apart from supervision, no difference between conditional discharge and probation)). Other circuits have reached similar conclusions. See United States v. Labella-Szuba, 92 F.3d 136, 138 (2d Cir. 1996) (New York conditional discharge sentence was functional equivalent of probation); United States v. Lloyd, 43 F.3d 1183, 1188 & n.8 (8th Cir. 1994) (Illinois conditional discharge comes within the meaning of probation under § 4A1.2(c)(1)).

In light of these decisions, we are persuaded that the district court did not err in determining that Coates' Kentucky two-year conditional discharge sentence was the equivalent of a sentence of probation and awarding one criminal history point for that sentence.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 5 -