UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4321

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALLEN DWAYNE COATES,

Defendant - Appellant.

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8490)

Submitted: October 28, 2005          Decided: December 14, 2005

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, David R. Bungard,
Assistant Federal Public Defender, Jonathan D. Byrne, Appellate
Counsel, Charleston, West Virginia, for Appellant.  Kasey Warner,
United States Attorney, R. Booth Goodwin II, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Allen Dwayne Coates pled guilty to crossing a state line to engage in a sexual act with a minor under twelve, 18 U.S.C. § 2241(c) (2000), and possession of child pornography, 18 U.S.C.A. § 2252A(a)(5)(B), (b)(2) (West Supp. 2005), and was sentenced to a term of twenty-five years imprisonment. We affirmed his sentence. United States v. Coates, No. 04-4321, 2004 WL 2457768 (4th Cir. Nov. 3, 2004) (unpublished). The Supreme Court granted Coates' petition for certiorari, vacated this court's judgment in light of United States v. Booker, 125 S. Ct. 738 (2005), and remanded his case for further proceedings.

Coates was sentenced before the decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by him or found by the jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005).

Coates now contends that the district court plainly erred under Booker in making certain sentencing enhancements based on facts he did not admit and that his sentence thus violated the Sixth Amendment. Coates' base offense level was 27, pursuant to U.S. Sentencing Guidelines Manual § 2A3.1(a) (2003). The district

- 2 -

court added four levels because the offense was carried out by use of a threat or a weapon (Coates used a knife), § 2A3.1(b)(1); four levels because the victim was under the age of twelve, § 2A3.1(b)(2); four levels because the victim was abducted, § 2A3.1(b)(5); and two levels because Coates misrepresented his identity, § 2A3.1(b)(6). Coates unsuccessfully challenged the enhancements for use of a knife and abduction. With a three-level adjustment for acceptance of responsibility, USSG § 3E1.1, the final offense level was 38. Coates was in criminal history category III, which gave him a guideline range of 292-365 months. Coates contested the four-level enhancements for use of a threat or knife and for abducting the victim, but the district court found that both enhancements applied. The court imposed a sentence of 300 months.

Without the challenged enhancements, Coates' offense level would have been 33. For purposes of determining Booker error, this court uses the guideline range based on the facts the defendant admitted before the range is adjusted for acceptance of responsibility. United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Because Coates was in criminal history category III, the guideline range under this calculation would have been 168-210 months. The 300-month sentence imposed by the district court exceeded the maximum authorized based on the facts Coates

admitted,[1] and thus violated the Sixth Amendment. The sentence thus meets the standard for plain error that must be corrected as set out in Hughes.[2]

We therefore vacate the sentence imposed by the district court. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. We

---

[1]We need not decide here whether Coates' failure to contest the two-level enhancement for Coates' misrepresentation of his identity constitutes an admission of that fact because the issue is not dispositive. Without the enhancement, the guideline range would have been 135-168 months.

[2]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Coates' sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 4 -

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>