09-4085-cr
USA v. Bouknight

<div align="center">

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

</div>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of October, two thousand ten.

Present:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> EDWARD R. KORMAN,[*]
> > *District Judge.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                               No. 09-4085-cr

JOHN F. BOUKNIGHT,

> *Defendant-Appellant.*

_____

For Defendant-Appellant:           Richard A. Reeve, Sheehan & Reeve, New Haven, CT

For Appellee:                   Douglas P. Morabito, Edward Chang, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT

_____

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant John F. Bouknight appeals from a judgment of conviction entered September 25, 2009 (Arterton, *J.*), following a guilty plea, convicting Bouknight of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), and sentencing him principally to 77 months' incarceration. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Bouknight argues that the district court erred by adding two points to his criminal history for committing the instant crime while "under a criminal justice sentence" pursuant to U.S.S.G. § 4A1.1(d). Bouknight explains that on the date of the offense that led to his conviction, he was on conditional discharge as a result of an earlier state narcotics conviction. This conditional discharge, he contends, was not a criminal justice sentence because it imposed no conditions.

In *United States v. LaBella-Szuba*, 92 F.3d 136, 138 (2d Cir. 1996), we held that a conditional discharge sentence under section 65.05 of the New York Penal Law was a "criminal justice sentence" because the state court "could revoke defendant's conditional discharge sentence if she committed another offense prior to the termination of the period of conditional discharge." We also highlighted the Commentary to section 4A1.1, which states that a term of unsupervised release is a "criminal justice sentence," and we noted that there is "no discernible difference between a conditional discharge sentence and a sentence of unsupervised release." *Id.*

Likewise here, the Connecticut Code authorizes the state courts to "modify or enlarge the conditions" of a conditional discharge sentence "[a]t any time during the period of . . . conditional discharge, after hearing and for good cause shown." Conn. Gen. Stat. § 53a-30(c). Bouknight argues that there is a critical difference between the New York statute we addressed in *LaBella-Szuba* and the Connecticut statute at issue here because the Connecticut statute does not provide for *revocation* of conditional discharge, but only the modification or enlargement of the conditions. We are not persuaded that this distinction matters, *see United States v. Ramirez*, 421 F.3d 159, 164 (2d Cir. 2005) (noting that conditional discharge "has a 'supervisory component' insofar as the sentencing court can *revoke or modify* the sentence if the defendant violates a condition") (emphasis added), and, moreover, the Connecticut Supreme Court has stated that "it is universally held that the commission of a felony violates a condition inherent in every probation order," *State v. Cator*, 781 A.2d 285, 301 (Conn. 2001). While *Cator* references probation, and not conditional discharge, the commission of a felony would surely constitute "good cause" pursuant to Connecticut General Statute § 53a-30(c), permitting the state court to modify or enlarge the conditions of a conditional discharge. Accordingly, we conclude that the district court properly considered Bouknight's conditional discharge to be a criminal justice sentence under U.S.S.G. § 4A1.1.

We have reviewed Bouknight's remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

<div style="margin-left: 50%;">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>