09-4085-cr
United States v. John Bouknight

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————————

August Term, 2010

(Submitted: September 24, 2010      Decided: December 7, 2010)

Docket No. 09-4085-cr

————————————————————————————————

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

JOHN F. BOUKNIGHT,

*Defendant-Appellant.*

————————————————————————————————

Before:  KATZMANN and LIVINGSTON, *Circuit Judges*, KORMAN, *District Judge*.[*]

Defendant-Appellant appeals from a judgment of conviction, entered on September 25, 2009, in the United States District Court for the District of Connecticut (Arterton, *J.*), following a plea of guilty to one count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).  For the reasons stated below, the judgment of the district court is **AFFIRMED**.

———————————

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Douglas P. Morabito, Edward Chang, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

Richard A. Reeve, Sheehan & Reeve, New Haven, CT, *for Defendant-Appellant*.

PER CURIAM:[1]

Defendant John F. Bouknight appeals from a judgment of conviction entered September 25, 2009 (Arterton, *J.*), following a guilty plea, convicting Bouknight of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), and sentencing him principally to 77 months' incarceration. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Bouknight argues that the district court erred by adding two points to his criminal history for committing the instant crime while "under a criminal justice sentence" pursuant to U.S.S.G. § 4A1.1(d). Bouknight explains that on the date of the offense that led to his conviction, he was on conditional discharge as a result of an earlier state narcotics conviction. This conditional discharge, he contends, was not a criminal justice sentence because it imposed no conditions.

In *United States v. LaBella-Szuba*, 92 F.3d 136, 138 (2d Cir. 1996), we held that a conditional discharge sentence under section 65.05 of the New York Penal Law was a "criminal justice sentence" because the state court "could revoke defendant's conditional discharge

---

[1] This case was initially resolved by summary order, but we now reissue that decision following the grant of the Government's motion for publication of the summary order as a precedential opinion.

-2-

sentence if she committed another offense prior to the termination of the period of conditional discharge." We also highlighted the Commentary to section 4A1.1, which states that a term of unsupervised release is a "criminal justice sentence," and we noted that there is "no discernible difference between a conditional discharge sentence and a sentence of unsupervised release." *Id.*

Likewise here, the Connecticut Code authorizes the state courts to "modify or enlarge the conditions" of a conditional discharge sentence "[a]t any time during the period of . . . conditional discharge, after hearing and for good cause shown." Conn. Gen. Stat. § 53a-30(c). Bouknight argues that there is a critical difference between the New York statute we addressed in *LaBella-Szuba* and the Connecticut statute at issue here because the Connecticut statute does not provide for *revocation* of conditional discharge, but only for the modification or enlargement of the conditions. We are not persuaded that this distinction matters, *see United States v. Ramirez*, 421 F.3d 159, 164 (2d Cir. 2005) (noting that conditional discharge "has a 'supervisory component' insofar as the sentencing court can *revoke or modify* the sentence if the defendant violates a condition") (emphasis added), and, moreover, the Connecticut Supreme Court has stated that "it is universally held that the commission of a felony violates a condition inherent in every probation order," *State v. Cator*, 781 A.2d 285, 301 (Conn. 2001). While *Cator* references probation, and not conditional discharge, the commission of a felony would surely constitute "good cause" pursuant to Connecticut General Statute § 53a-30(c), permitting the state court to modify or enlarge the conditions of a conditional discharge. Accordingly, we conclude that the district court properly considered Bouknight's conditional discharge to be a criminal justice sentence under U.S.S.G. § 4A1.1.

We have reviewed Bouknight's remaining arguments and conclude that they lack merit.

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.