11-0943-cr
United States v. McMaster

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
              *Circuit Judges.*

---

UNITED STATES OF AMERICA,

              *Appellee*,

     v.                          11-0943-cr

JOSEPH MCMASTER,

              *Defendant-Appellant.*

---

FOR APPELLANT:     DAVID TOUGER, Peluso & Touger, LLP, New York, NY.

FOR APPELLEE:      TELEMACHUS P. KASULIS, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York imposing a sentence of 90 months' imprisonment is **AFFIRMED.**

Appellant Joseph McMaster contests only the district court's imposition of a two-level Guidelines enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  We assume the parties' familiarity with the underlying facts and procedural history.

We review a district court's imposition of an enhancement for obstruction of justice under a mixed standard of review.  The district court's findings "as to what acts were performed, what was said, what the speaker meant by her words, and how a listener would reasonably interpret those words will be upheld unless they are clearly erroneous."  *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir. 1998).  The district court's determination that the "facts constitute obstruction . . . under the Guidelines, however, is a matter of legal interpretation reviewed *de novo*, giving due deference to the district court's

application of the guidelines to the facts." *Id.* (internal quotation marks and citations omitted).

McMaster argues that the district court erred by imposing an obstruction of justice enhancement without making the requisite finding that he had the "specific intent to obstruct justice, i.e., that [he] consciously acted with the purpose of obstructing justice." *United States v. Woodard*, 239 F.3d 159, 162 (2d Cir. 2001) (internal quotation marks omitted). Section 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense . . . increase the offense level by 2 levels." U.S.S.G. § 3C1.1. Generally, in order to apply this enhancement, the district court must find that the defendant acted with "specific intent to obstruct justice." *Woodard*, 239 F.3d at 162 (internal quotation marks omitted). We have held, however, that "[c]ertain conduct . . . such as intentionally failing to appear as required at judicial proceedings, is so inherently obstructive of the administration of justice that it is sufficient that the defendant willfully engaged in the

3

underlying conduct, regardless of his specific purpose." *United States v. Reed*, 49 F.3d 895, 900 (2d Cir. 1995). For instance, in *United States v. Labella-Szuba*, 92 F.3d 136, 139 (2d Cir. 1996), we held that "the fact that [the defendant] consciously failed to appear at a judicial proceeding is sufficient for [an obstruction of justice] enhancement."

Here, the undisputed facts are that McMaster knew that he had been ordered to appear for a bail hearing on October 16, 2009. On that day, McMaster contacted the case agent and informed him that he was considering not appearing in court as ordered. Although the case agent attempted to convince McMaster to surrender or appear in court, McMaster instead chose not to appear and fled to Arizona where he remained until his arrest in February 2010. Thus, regardless of whether McMaster acted with the specific purpose of obstructing the administration of justice, the fact that he consciously failed to appear at a judicial proceeding is sufficient for a § 3C1.1 enhancement. *Labella-Szuba*, 92 F.3d at 139. Accordingly, the district court's two-level enhancement of McMaster's offense level was not erroneous.

We have considered McMaster's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court imposing a sentence of 90 months' imprisonment is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5