**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2012

Lyle W. Cayce
Clerk

No. 11-20894
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IRA KLEIN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-56-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In August 2007, Dr. Ira Klein was convicted by jury verdict of 18 counts of mail fraud and 26 counts of health care fraud. In his first appeal, we affirmed Klein's convictions, but vacated the sentence and the restitution order because the district court's loss calculation neglected to discount the intended loss by the average wholesale price (AWP) of the drugs that had been dispensed for self-administration. *United States v. Klein*, 543 F.3d 206, 214-16 (5th Cir. 2008). After a second vacatur and remand, the district court sentenced him to a total

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 135 months of imprisonment, three years of supervised release, and $6,212,618.35 in restitution.

Klein filed a motion in this court seeking leave to file an out-of-time addendum to his reply brief in order to include a list of his objections from the second resentencing hearing into the appellate record. Because the transcript of that hearing has been included in the appellate record, that motion is denied as unnecessary.

In his first claim in this appeal, Klein argues that the district court violated his right to a timely sentencing hearing under the Sixth Amendment and Federal Rule of Criminal Procedure 32(a)(1). In *Juarez-Casares v. United States*, 496 F.2d 190, 192 (5th Cir. 1974), this court stated that a trial judge is bound by both Rule 32 and the Sixth Amendment's Speedy Trial Clause in sentencing a defendant in a timely manner. We review a Speedy Trial Clause claim de novo. *United States v. Green*, 508 F.3d 195, 202 (5th Cir. 2007). The parties differ as to whether the relevant period for Speedy Trial Clause purposes should be measured cumulatively or only from the last remand. Even if the period is measured cumulatively, thereby triggering the full four-step analysis, Klein's claim fails because he has not shown that the first three factors weigh in his favor or that he has suffered actual prejudice. *See United States v. Parker*, 505 F.3d 323, 330 (5th Cir. 2007). Similarly, his Rule 32(a)(1) claim also fails because he has not shown actual prejudice. *See United States v. James*, 459 F.2d 443, 444-45 (5th Cir. 1972).

Klein next asserts that the district court violated Rule 32(c)-(g) by failing to require the Government to produce its sentencing evidence in a timely manner. It is not clear that any of the documents submitted by the Government or the probation officer regarding Klein's second resentencing hearing were subject to Rule 32's disclosure requirements. However, even if there was a Rule 32 error regarding disclosure, it was harmless because Klein had an adequate

opportunity to object to those documents. *See United States v. Arthur*, 432 F. App'x 414, 431 (5th Cir. 2011).

In his next issue, Klein contends that the district court erred by accepting the Government's loss calculations and that the methods used in those calculations violated the mandate rule. We review the district court's application of the Guidelines de novo and its findings of fact for clear error. *Klein*, 543 F.3d at 213. Examination of the record shows that the district court did not err when determining the intended, rather than actual, loss and followed this court's instructions when calculating the amount of credit due to Klein for the self-administered drugs including the date on which his offense was detected. Similarly, the district court also did not err in determining the amount of restitution.

Also, Klein asserts that he is actually innocent of his crimes of conviction because the victim insurance companies did not actually incur any actual losses and the insurance companies instigated these false charges against him to obfuscate their own fraudulent practices. Despite his argument to the contrary, his claim does not meet the exception to the mandate rule for a miscarriage of justice. *See United States v. McCrimmon*, 443 F.3d 454, 460 (5th Cir. 2006). To the extent that he alleges in his reply brief that he is actually innocent because nothing in his alleged scheme to defraud was published in the Federal Register, we will not consider arguments first raised in a reply brief. *See United States v. Jackson*, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

The judgment of the district court is affirmed.

MOTION TO FILE AN OUT-OF-TIME ADDENDUM DENIED; AFFIRMED.