UNITED STATES of America,
Appellee,

v.

Felix DEJESUS, also known as "Dino,"
Ricardo Rosario, also known as "Q,"
Defendants–Apellants.

Nos. 02–1543–CR, 02–1545–
CR, 02–1626–CR.

United States Court of Appeals,
Second Circuit.

Nov. 29, 2005.

Dan E. LaBelle, Halloran & Sage, LLP, Westport, Ct, for Appellant DeJesus.

Robert J. Sullivan, Westport, CT, for Appellant Rosario.

Alex Hernandez, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Alina P. Marquez, Jeffrey A. Meyer, Assistant United States Attorneys, on the brief), Bridgeport, CT, for Appellee.

Present: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

*SUMMARY ORDER*

Defendants-appellants Felix DeJesus and Ricardo Rosario appeal from judgments sentencing DeJesus principally to two concurrent terms of 360 months' imprisonment and Rosario to 240 months' imprisonment for conspiring to possess with intent to distribute, respectively, 1000 grams of heroin and 50 grams of crack cocaine, and 1000 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal. We address the appellants' remaining claims in an accompanying opinion.

I.  Trial Claims

1.  *Suppression Motion*

■   We review a district court's determination whether a seizure occurred *de novo* and the district court's factual findings for clear error. *See United States v. Glover,* 957 F.2d 1004, 1007 (2d Cir.1992). Where there was no display of a weapon or other show of force, prolonged retention of DeJesus's personal effects, physical contact, threatening demeanor, or anything in the agents' tone or language indicating that compliance with their requests was compulsory, we agree with the district court's conclusion that the search of DeJesus by DEA agents at the Miami airport was consensual. *See United States v. Lee,* 916 F.2d 814, 819 (2d Cir.1990) (enumerating factors that might suggest seizure and holding that presence of one factor alone does not implicate Fourth Amendment).

2.  *Evidentiary Rulings*

a.  *Limitations on Cross–Examination*

■   The district court did not abuse its discretion in excluding evidence about the religious beliefs of five cooperating witnesses under Fed.R.Evid. 403. *See United States v. Yousef,* 327 F.3d 56, 121 (2d Cir.2003) (reviewing district court's ruling under Rule 403 for abuse of discretion). The district court's conclusion that the evidence had minimal probative value and

would be highly prejudicial was neither arbitrary nor irrational.

■ We similarly find no error in the district court's limitations on the nature and scope of cross-examination of Frank Estrada about the specifics of the subject matter and targets of his ongoing cooperation in other cases because the jury had sufficient other information to appraise Estrada's credibility and possible motives for testifying falsely. *See United States v. Roldan–Zapata*, 916 F.2d 795, 806 (2d Cir. 1990) (holding that cross-examination is not improperly curtailed if the jury is in possession of facts sufficient to make a discriminating appraisal of a witness's credibility). Further, the district court did not abuse its discretion under Fed.R.Evid. 403 in determining that testimony about Estrada's cooperation against his former attorney would be minimally probative of veracity and highly prejudicial.

### b. *Background Testimony/ Direct Evidence of Conspiracy*

■■ The district court did not abuse its discretion in determining that the testimony of Jose Lugo, Ismael Padilla, and William Rodriguez about their relationship with Frank Estrada in prison in the early 1990s, including drug dealing there, was admissible either as direct evidence of the heroin conspiracy charged in the indictment or as background evidence. By withdrawing his objection at trial, DeJesus has waived his claim that he was prejudiced by reference to the cooperating witnesses' membership in the Latin Kings gang.

### c. *Out of Court Statement*

■ We also reject DeJesus's challenge to the district court's determination that an attorney's statement, recounted by Amelia Pererra at trial, was a command not offered for the truth of the matter asserted or, in the alternative, that the statement was admissible under Fed. R.Evid. 801(d)(2)(E) as the statement of a representative of a member of the conspiracy. Record evidence indicated that Estrada hired the attorney, who conveyed Estrada's instructions to Pererra regarding what she should tell law enforcement authorities as part of her cooperation. *See United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir.1999) ("Statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay.").

### d. *Expert Testimony*

■ DeJesus's argument that the district court erred by failing to strike expert testimony on the quantity of narcotics as based on speculative extrapolation is without merit. One expert testified that he determined the net weight of the drugs and stated that he did not calculate the total drug quantity by extrapolating from a sample. A second expert testified that he reduced the gross weight of the drugs by an extrapolation analysis of the weight of the packing materials. This is simply not the kind of extrapolation we cautioned against in *United States v. Shonubi*, 103 F.3d 1085, 1092 (2d Cir.1997). While the remaining two experts indicated that they used extrapolation analyses in determining drug quantity, defendant failed to elicit any record evidence on the nature and extent of those extrapolation analyses such as to render erroneous the district court's decision not to strike that testimony.

### e. *Transcript of Recording as a Jury Aid*

■ The district court also did not abuse its discretion in permitting the jury to use as an aid in listening to a recorded conversation in English a transcript that was prepared and authenticated by a coop-

erating witness who participated in the conversation, particularly where appellant has not challenged the transcript's accuracy.

f. *Lay Opinion Testimony*

■ We similarly find that the district court did not err in permitting Lugo to testify, under Fed.R.Evid. 701(a), about what he understood Frank Estrada to mean when he said that DeJesus was "one of his guys out there" given that Lugo was a participant in the conversation. The case relied upon by appellant, *United States v. Garcia*, 291 F.3d 127 (2d Cir. 2002), is not apposite. In that case, we required a foundation to support the witness's testimony that an apparently coherent, legitimate conversation was actually code. *Id.* at 141. Here, where there was no use of code, Lugo properly testified about his understanding of the context of Estrada's statement.

3. *Sufficiency of the Evidence*

■ Considering the evidence in the light most favorable to the government and drawing all reasonable inferences in its favor, *see United States v. Madori*, 419 F.3d 159, 166 (2d Cir.2005), a rational trier of fact could have found beyond a reasonable doubt that DeJesus's offense involved at least 1000 grams of heroin and 50 grams of crack cocaine. Witnesses testified about frequent bagging sessions involving large quantities of heroin at which DeJesus was present, and one witness who had received "a couple kilos" of crack cocaine from Estrada testified that DeJesus was one of the "main people" involved in crack distribution and that he "was consistent with crack cocaine."

II. Sentencing Issues

1. Booker *Claims*

In light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220,

125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), we remand DeJesus and Rosario's cases to the district court for further proceedings in conformity with *Crosby*. We address the sentencing issues raised by appellants because they may affect resentencing. *See United States v. Garcia*, 413 F.3d 201, 220 (2d Cir.2005) (addressing defendants' sentencing argument in order to facilitate the district court's task on remand).

2. *Prior Conviction Exception to* Booker

■ While DeJesus argues that the "prior conviction exception" to the rule established by *Booker* and its predecessors violates the Sixth Amendment, and that his criminal history category should have been charged in the indictment and proven to the jury beyond a reasonable doubt, he acknowledges that we are bound by *Booker* and *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Ramirez*, 421 F.3d 159, 167 (2d Cir.2005) (reaffirming that defendants do not have a Sixth Amendment right to have prior convictions used to enhance their criminal history category proven to a jury).

3. *Application of § 3B1.4*

■ The district court noted that, absent the sentencing enhancement pursuant to U.S.S.G. § 3B1.4 for using a minor to commit a crime, DeJesus's offense level was 43. Whether or not the district court applied the challenged enhancement, DeJesus faced lifetime imprisonment under the Guidelines, and his sentence of 360 months' incarceration constituted a departure from the applicable Guidelines range. Because DeJesus has not shown that the

district court imposed a sentence in violation of the law or by misapplying the Guidelines, we find no error.

#### 4. *Application of § 3E1.1*

 The district court did not err in denying Rosario an offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The Guidelines indicate that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial." US.S.G. § 3E1.1, Application Note 2. This case does not constitute one of the rare exceptions to that rule, as he did not go to trial to "assert and preserve issues that do not relate to factual guilt." *Id.; cf. United States v. Guzman,* 282 F.3d 177, 184 (2d Cir.2002) (holding that a district court's determination whether a defendant has accepted responsibility will not be disturbed unless it is without foundation).

#### 5. *Eligibility for the Safety Valve*

Rosario also claims that he is entitled to a two-level reduction under the "safety valve" of U.S.S.G. § 2D1.1(b)(6) (2002) because he satisfies the criteria of § 5C1.2(a). There is some dispute between the parties as to whether Rosario used a gun or whether he would be responsible for the use of weapons by his co-conspirators, and Rosario argues that he is properly in criminal history category I given that his only previous criminal offense involved unauthorized use of a motor vehicle, a juvenile offense resulting in six months' probation. The district court made no findings with respect to his use of a firearm, and it assumed that Rosario was in criminal history category II before downwardly departing to criminal history category I pursuant to § 4A1.3. Eligibility for the safety valve, however, depends on these findings. We therefore remand to the district court with instructions to make

factual findings and to consider the legal arguments raised by Rosario in the first instance.

The judgments of conviction of the district court are AFFIRMED and the case REMANDED for proceedings consistent with this order.