15-2830-cr
United States v. Pecker

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         RALPH K. WINTER,
         DENNIS JACOBS,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-2830-cr

RICHARD DETKE,
         Defendant,

CRAIG PECKER,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLEE:                ALLEN L. BODE, Assistant United
                             States Attorney (Jo Ann M.
                             Navickas, Assistant United
                             States Attorney, on the brief),
                             of counsel for Robert L. Capers,

1

United States Attorney for the Eastern District of New York, Brooklyn, New York.

**FOR APPELLANT:** EDWARD S. ZAS, <u>of counsel for</u> Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Craig Pecker appeals from the judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>), revoking a five-year term of supervised release and sentencing Pecker principally to eleven months' imprisonment, upon a guilty plea to three violations of supervised release ("VOSR"). The appeal is expedited because Pecker's term of imprisonment is expected to end on June 23, 2016. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In determining a defendant's Sentencing Guidelines range for a VOSR, the "criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4(a) n.*. Pecker was sentenced to supervision (and, principally, to ten years' imprisonment, the mandatory minimum sentence) in 2008, by United States District Judge Platt, following Pecker's guilty plea to cocaine distribution conspiracy. The case was reassigned to Judge Wexler in November 2014, for resolution of the VOSR allegations.

Pecker argues that Judge Wexler erred in using criminal history category III to calculate his Guidelines range for the VOSR sentencing, because (he claims) Judge Platt did not determine at the original sentencing whether his criminal history was category II (as argued by Pecker) or III (as argued by the Probation Department). He further contends that criminal history category *I* was in fact the applicable category at the time of the original sentencing, and should have been applied to calculate his Guidelines range at the

2

VOSR sentencing.  See U.S.S.G. § 7B1.4 cmt. n.1 ("In the rare case in which no criminal history category was determined when the defendant originally was sentenced to the term of supervision being revoked, the court shall determine the criminal history category that would have been applicable at the time the defendant originally was sentenced to the term of supervision.").

Pecker did not raise this argument below (his then-counsel agreed that criminal history category III applied), so it is reviewed for plain error.[1]

At Pecker's 2008 sentencing hearing, Judge Platt did not specify whether criminal history category II or III applied.  The statement of reasons filed as part of the criminal judgment indicated that category III applied, and adopted the PSR (with one amendment), which stated the same. But even assuming (without deciding) that Judge Platt did not thus "determine" Pecker's criminal history category for purposes of U.S.S.G. § 7B1.4(a), Pecker cannot show plain error warranting vacatur of his sentence.[2]

This is because Pecker cannot demonstrate that he suffered prejudice from Judge Wexler's failure to determine the criminal history category sua sponte.  Three criminal history points are properly attributed to Pecker's three harassment convictions under United States v. Morales, 239 F.3d 113 (2d Cir. 2000), on which Pecker relies to argue

---

[1] "Plain error review requires a defendant to demonstrate that '(1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings.'" United States v. Youngs, 687 F.3d 56, 59 (2d Cir. 2012) (quoting United States v. Flaharty, 295 F.3d 182, 195 (2d Cir. 2002)).

[2] The government suggests in passing but does not press that the challenge to the criminal history category contained in the statement of reasons was waived because the original plea was subject to a plea agreement in which Pecker waived his appellate rights as to any sentence of 121 months or below.  For purposes of this appeal, we assume (without deciding) that Pecker did not thus waive the argument.

otherwise. Pecker's harassment convictions (which were all originally charged as assault or assault with the intent to cause physical injury) are not "similar to" the listed misdemeanors and petty offenses excluded from counting by U.S.S.G. § 4A1.2(c)(1) (2007).[3] Pecker did not strike a single blow of unknown severity in self-defense as did the defendant in <u>Morales</u>, but rather engaged in a culpable pattern of violence through the use of physical force. As to the first offense, Pecker kicked and bit his girlfriend, causing physical injury (and leading the victim to obtain an order of protection); as to the second, Pecker violated the order of protection, and intentionally pushed his girlfriend to the ground, causing her to injure her hand; and as to the third, he grabbed his girlfriend around the throat and choked her, broke down a door attempting to pull her into the bedroom, pushed her down, and kicked her when she fell to the floor--while she was six months pregnant.[4] And unlike in <u>Morales</u>, circumstances suggest a likelihood of recidivism: multiple instances of similar violent conduct[5]; and correlation of this conduct with substance abuse, which is still a problem for Pecker and underlies his VOSR.

Two additional points are justified because Pecker engaged in the cocaine distribution conspiracy while under

---

[3] With a conviction for "harassment," in which the statute punishes a broad range of conduct, a judge "must focus on the particular conduct of the defendant. In such circumstances, a sentencing judge making the 'similar to' comparison is applying the guideline to the facts, a matter which we are to give 'due deference.'" <u>Morales</u>, 239 F.3d at 118 (quoting 18 U.S.C. § 3742(e)). We therefore do not suggest that our analysis of Pecker's prior convictions is the only acceptable one. However, because Pecker is soon due to be released from his term of imprisonment, and because the issue was not raised below, we engage in that analysis for the first time on appeal.

[4] Although Pecker was a minor when he first entered into this relationship (which might suggest lessened culpability, as he was abused as a matter of law by his adult girlfriend), he was of age at the time he committed these offenses.

[5] Furthermore, Pecker admitted to the Probation Department that he frequently used physical force against his former girlfriend.

court supervision in the form of conditional discharge sentences for those three harassment convictions.[6] A one-year conditional discharge sentence is the equivalent of a criminal justice sentence for purposes of U.S.S.G. § 4A1.1(d) "because there is no discernible difference between a conditional discharge sentence and a sentence of unsupervised release" and because the state court retains the power to revoke a conditional discharge sentence prior to its termination.[7] United States v. Labella-Szuba, 92 F.3d 136, 138 (2d Cir. 1996); see also U.S.S.G. § 4A1.1(d) & cmt. n.4 (2007); cf. United States v. Ramirez, 421 F.3d 159, 163-67 (2d Cir. 2005) (concluding that one-year conditional discharge sentence pursuant to N.Y. Penal Law § 65.05 is the equivalent of a one-year sentence of probation for purposes of U.S.S.G. § 4A1.2(c)(1)(A) (2005)). These two points, added to the three points for Pecker's harassment convictions for a total of five criminal history points, result in a criminal history category III. Thus, Pecker has failed to meet the plain-error test because he has not shown that Judge Wexler's failure to calculate his criminal history category affected Pecker's substantial rights.

---

[6] Pecker does not appear to dispute that, if his harassment convictions can be counted under § 4A1.2, the conditional discharge sentences serve as predicate for the § 4A1.1(d) two-point increase. See Reply Br. at 18-19.

[7] Although the PSR is silent as to the duration of Pecker's conditional discharge sentences, Pecker appears to concede that they were one year in duration. Reply Br. at 10; see also N.Y. Penal Law § 65.05(3)(b) (contemplating one-year period of conditional discharge for harassment conviction); Ramirez, 421 F.3d at 163 n.2.

For the foregoing reasons, and finding no merit in Pecker's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK