22-1089-cr
*United States v. Joyner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.                                                          22-1089-cr

LONNIE JOYNER, AKA FLO,

*Defendant-Appellant*.

---

| | |
|---|---|
| For Plaintiff-Appellee: | RAHUL KALE (Sandra S. Glover *on the brief*), Assistant United States Attorneys *on behalf of* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |
| For Defendant-Appellee: | MICHELLE ANDERSON BARTH, Law Office of Michelle Anderson Barth, Burlington, VT. |

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Lonnie Joyner appeals from the judgment of the United States District Court for the District of Connecticut (Hall, *J.*), convicting him upon his plea of guilty to possession of a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and sentencing him to the statutory maximum of 120 months' imprisonment. On appeal, Joyner argues that the district court committed plain error when it calculated his criminal history score pursuant to the United States Sentencing Guidelines ("Guidelines"). Specifically, he asserts that the district court plainly erred by adopting the criminal history calculation from the Presentence Report ("PSR"), which included stale convictions, *see* PSR ¶¶ 50, 51, 52, 54, and a disposition resulting in an unconditional discharge, PSR ¶ 59. He claims these errors were plain and prejudicial to the outcome of the sentencing proceedings. We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal.

This Court "review[s] de novo a district court's interpretation of the Guidelines and for clear error its factual findings regarding the applicability of specific enhancements or reductions." *United States v. Alston*, 899 F.3d 135, 148 (2d Cir. 2018). When a defendant fails to object to an alleged sentencing error before the district court, we review for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 208–09 (2d Cir. 2007). Plain error exists when there is "(1) error[,] (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Riggi*, 541 F.3d 94, 102

(2d Cir. 2008); *but see United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002) (applying a less rigorous plain error analysis when the sentence was imposed without giving the appellant prior notice of the aspect of the sentence challenged on appeal). Because Joyner does not allege that he lacked prior notice of the aspects of his sentence he now challenges on appeal, we apply the plain error standard.

Joyner first contends that the district court plainly erred when it added five points to his criminal history calculation for four offenses that took place more than ten years before September 27, 2017, which is specified in his indictment as the approximate date of his offense of conviction. According to the PSR, Joyner was sentenced on: (1) January 8, 2007 for committing criminal trover in the second degree; (2) August 23, 2007 for committing assault in the third degree; (3) August 23, 2007 for committing reckless endangerment in the second degree; and (4) August 23, 2007 for interfering/resisting arrest. PSR ¶¶ 50, 51, 52, 54. Because these offenses each predate September 27, 2017, by more than ten years, Joyner argues that they are stale and uncountable pursuant to Guideline § 4A1.2(e). Joyner's argument is without merit.

As Joyner acknowledges, § 4A1.2(e)'s ten-year time bar is measured from the "commencement of the instant offense," including any relevant conduct. *See* Appellant Br. 25–26; U.S.S.G. § 4A1.2, cmt. n.8. Here, the PSR reflects that the relevant conduct began as early as April 2016, when federal prosecutors "learned from two Maine defendants that *for the past eighteen months*, a group . . . of individuals *led first* by Lonnie Joyner . . . had been driving back and forth from Waterbury to Maine bringing in 100-gram quantities on each trip with them to Maine." PSR ¶ 19 (emphasis added). The PSR further states that the group "would sell heroin to numerous persons in . . . Maine . . . and return to Waterbury two to three times per week *with money and guns* procured from the sale of heroin" and that "one of the Maine defendants recalled

3

*driving firearms* back to Waterbury." *Id.* (emphasis added). At sentencing, Joyner raised no objection to the facts as set forth in the PSR and the court expressly adopted them "absent objection." App'x 83. Thus, based on the record, and even using April 2016 as the "commencement of the instant offense," it was not plainly erroneous for the district court to conclude that Joyner's four prior offenses fell within the requisite ten-year period.

Joyner next contends that the district court erroneously added one criminal history point for his 2013 conviction in Connecticut for assault in the third degree. For that offense, Joyner received a disposition of "unconditional discharge," which he asserts on appeal does not qualify as a "prior sentence" within the meaning of § 4A1.1(c) and therefore is not a scoreable disposition. Alternatively, Joyner argues that "'Assault in the 3rd Degree' is similar to the listed offenses in U.S.S.G. § 4A1.2(c)(1) that are excluded from a defendant's criminal history score." Appellant Br. 37. We again see no plain error in the district court's calculation.

As to Joyner's first argument, an unconditional discharge under Connecticut law *is* a final judgment of conviction, albeit one without further court supervision. Conn. Gen. Stat. § 53a-34. Connecticut also describes an unconditional discharge as a "sentence" that may be ordered where a court is otherwise authorized to impose a sentence of conditional discharge. *Id.* at § 53a-34(a). Joyner cites no precedent from this Court addressing whether an unconditional discharge constitutes a "prior sentence" under § 4A1.2(a), and we have found none. The closest analogy appears to be *United States v. Ramirez*, 421 F.3d 159, 165 (2d Cir. 2005), where we determined that a one-year *conditional* discharge fell within a separate provision of the guidelines that allowed a misdemeanor to be scored if it resulted in "a term of probation of more than one year." *See* 18 U.S.C. § 4A1.2(c)(1)(A). Thus, even assuming *arguendo* that the district court erred in treating Joyner's unconditional discharge as a prior sentence, Joyner fails to establish that any such error

4

was obvious under current law for the purpose of the plain error doctrine. *See United States v. Gore*, 154 F.3d 34, 42–43 (2d Cir. 1998) ("[A]n error is 'plain' if it is 'clear' or 'obvious' under current law." (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993))).

As to Joyner's alternative argument that assault in the third degree under Connecticut law is similar to minor offenses excluded from the calculation of criminal history points, and thus should have been excluded, we look to the particular facts of the 2013 assault conviction to assess relevant similarity. *See United States v. Sanders*, 205 F.3d 549, 553 (2d Cir. 2000) (per curiam) (noting that courts "look to [*inter alia*] the actual conduct involved and the actual penalty imposed . . . when determining whether a prior offense is 'similar' to a Listed Offense"). Here, the victim told police that Joyner both choked her and "punch[ed] her numerous times in the face, striking her eyes and both of her cheeks," while "[t]he investigating officer observed redness and swelling in these areas," as well as "red ma[rks] on her neck." PSR ¶ 59. Given these circumstances, it was not obvious error for the district court to treat Joyner's prior assault conviction as dissimilar from the list of minor offenses in § 4A1.2(c), nor more generally to assess a single criminal history point in connection with this conviction.

Finally, even assuming *arguendo* that the district court erred in some regard by assigning points in accordance with Joyner's 2006 and 2007 cases or 2013 assault conviction, Joyner crucially fails to establish that the asserted errors adversely affected his substantial rights. To affect substantial rights, an error must be "prejudicial in that it affected the outcome of the district court proceedings." *United States v. Draper*, 553 F.3d 174, 181 (2d Cir. 2009) (citation and internal quotation marks omitted). And on plain error review, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *United States v. Olano*, 507 U.S. 725, 734 (1993).

5

Joyner does not challenge the court's calculation of his total offense level. He concedes that "his Criminal History Category VI would have remained the same" even if the district court calculated a 13-point criminal history score, as Joyner seeks on appeal. Appellant Br. 44. At sentencing, the district judge described Joyner's extensive criminal history as "one of the most impressive ones I've ever seen." App'x 213–16. The court determined that "the need for the sentence here to reflect the seriousness [of the offense] is . . . very, very high," considering the offense involved "a lot of guns." App'x 205–06. Indeed, the court noted that "but for the statutory limit," Joyner could have faced 20 or 30 years' imprisonment. App'x 210. In such circumstances, Joyner has not established that any of the purported errors he relies on would have made a difference at sentencing. For this reason, too, we conclude that the district court did not plainly err in imposing Joyner's sentence.

\* \* \*

We have considered Joyner's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6