

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2009

# USA v. Rosado

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4716

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Rosado" (2009). *2009 Decisions.* Paper 1578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4716

_____

UNITED STATES OF AMERICA

v.

EUCLIDES ROSADO,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00045-1)
District Judge:  Honorable Yvette Kane

_____

Argued January 6, 2009
Before:  FUENTES and FISHER, *Circuit Judges*, and PADOVA,[*] *District Judge.*

(Filed:April 7, 2009 )

Enid W. Harris (Argued)
400 Third Avenue, Suite 111
Kingston, PA  18704
   *Attorney for Appellant*

---

[*]Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

William A. Behe (Argued)
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108
    *Attorney for Appellee*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Defendant Euclides Rosado pleaded guilty to distributing and possessing with the intent to distribute cocaine hydrochloride and crack cocaine, and the District Court sentenced him to 140 months' imprisonment. Rosado appeals from that sentence, arguing that the District Court abused its discretion by failing to consider the circumstances of his prior criminal history, failing to avoid an unwarranted disparity between his sentence and the sentence of his co-defendant, and failing to consider the sentencing factors under 18 U.S.C. § 3553(a) and vary his sentence accordingly. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On January 25, 2005, agents of the Drug Enforcement Agency arrested Rosado in Harrisburg, Pennsylvania, recovering 607.5 grams of cocaine hydrochloride and 5.59 kilograms of crack cocaine. Rosado pleaded guilty to one count of distributing and possessing with the intent to distribute cocaine hydrochloride and crack cocaine, in violation of 21 U.S.C. § 841(a)(1). As detailed in the Presentence Investigation Report ("PSR"), the probation office calculated a recommended sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") of 188 to 235 months' imprisonment, based on Rosado's total offense level of 35 and criminal history category of II.

The Government filed a motion for a downward departure under U.S.S.G. § 5K1.1. Although Rosado did not object to the PSR, his attorney submitted a sentencing letter on his behalf in which she argued for a sentence of time served based on the considerations set forth in § 3553(a)(2).[1] In support of that request, the attorney asserted that the

---

[1]Section 3553(a)(2) states that the court shall consider:

> "[T]he need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ."

inclusion of a prior disorderly conduct violation in Rosado's criminal history calculation had an excessive effect on his sentencing range, and she asked the District Court "not [to] give any real weight" to that offense. She also highlighted that Rosado grew up in poverty in the Dominican Republic, had endured difficult family and economic circumstances after moving to the United States and that now, as result of his current conviction, he would be deported to the Dominican Republic, separating him from his family in New York. She asserted that, given these circumstances, the § 3553(a)(2) goals were sufficiently met by a sentence of time served.

At the sentencing hearing, Rosado's attorney told the District Court that there was "essentially one area" that she wanted to address, namely, Rosado's criminal history category. She explained the circumstances surrounding Rosado's prior disorderly conduct violation and its disproportionate effect on his criminal history and the resulting recommended Guidelines range, as she had in the sentencing letter, and asked that the District Court consider this in sentencing. She also reiterated Rosado's family and economic circumstances. In response, the Government acknowledged that the District Court could take Rosado's criminal-history argument into account in determining an appropriate sentence. After hearing the Government's reasons for requesting a downward departure under § 5K1.1, the District Court granted the Government's § 5K1.1 departure motion, which reduced the recommended Guidelines range to 121 to 151 months'

imprisonment, and sentenced Rosado within that range to 140 months' imprisonment. Rosado timely appealed from the sentence.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. In reviewing a district court's sentence for reasonableness under an abuse-of-discretion standard, "[w]e must first ensure that the district court committed no significant procedural error in arriving at its decision," and, if we find no procedural error, "we then review the substantive reasonableness of the sentence." *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). In other words, "[o]ur responsibility on appellate review of a criminal sentence is . . . to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

## III.

On appeal, Rosado challenges his sentence on three grounds. First, he argues that the District Court failed to consider his argument that he was entitled to a lesser sentence because the disorderly conduct violation had an excessive effect on the recommended Guidelines range. Second, he argues that because he received a longer sentence of imprisonment than his co-defendant in this case, the District Court failed to avoid an unwarranted sentencing disparity under § 3553(a)(6). Finally, he argues that the District

Court failed to meaningfully consider the § 3553(a) factors and that his sentence was unreasonable. We address each of these arguments in turn.

A.

We begin with the question of whether the District Court failed to consider Rosado's argument regarding his criminal history category in arriving at the sentence. Our decision in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), instructs a district court to follow a three-step process to determine an appropriate sentence, which includes calculating a defendant's sentence under the Guidelines, formally ruling on any motions by the parties and stating on the record whether it is granting a departure, and providing meaningful consideration to the § 3553(a) factors. *See United States v. Smalley*, 517 F.3d 208, 211 (3d Cir. 2008) ("Prior to, but consistent with *Gall*, this Court set forth a three-part process for determining a sentence."). Rosado appears to claim that the District Court's failure to consider the effect of his relatively minor disorderly conduct violation led it to err in two ways, namely, by neglecting to formally rule on his argument based on the departure provision in U.S.S.G. § 4A1.3(b)(1)[2] and by failing to consider his argument

---

[2]Under § 4A1.3(b)(1), a district court may depart downward "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."

6

under the § 3553(a) factors.[3]  Having reviewed the record, we believe that the District Court adequately considered his argument in its sentencing decision.

As an initial matter, we agree with the Government that Rosado did not move for a departure under § 4A1.3(b)(1) before the District Court; rather, the record shows that he consistently framed his argument as support for a variance under § 3553(a).  *Cf. United States v. Jackson*, 467 F.3d 834, 842 n.8 (3d Cir. 2006) (noting that because the defendant only framed his argument in terms of a departure, the district court did not need to address that argument in terms of a variance under § 3553(a)).  The District Court did not err by declining to construe Rosado's variance request as a motion for a downward departure, and because it formally ruled on the only motion for a departure before it – the Government's § 5K1.1 downward departure request – it committed no procedural error under the second step of *Gunter*.  *See, e.g., United States v. Goff*, 501 F.3d 250, 256 (3d Cir. 2007) (stating that *Gunter*'s second step is not implicated where a party does not move for a departure).[4]

---

[3]Although the Guidelines have since been amended to exclude such a disorderly conduct violation from the criminal history calculation, both parties at the sentencing hearing correctly acknowledged that the inclusion of the violation was appropriate under the version of the Guidelines in effect at the time of sentencing, and Rosado does not take contention with this on appeal.  *See, e.g., United States v. Wood*, 526 F.3d 82, 86 (3d Cir. 2008) ("Generally, we review a sentence under the version of the Guidelines in effect at the time of sentencing."); *see also United States v. Ramirez*, 421 F.3d 159, 166 (2d Cir. 2005) (concluding that the district court did not err in including a disorderly conduct violation in the defendant's criminal history score).

[4]Even assuming that it was incumbent upon the District Court to discern from Rosado's argument that he was making a motion for a downward departure under

Nor does the record support Rosado's contention that the District Court failed to consider the circumstances of his criminal history in declining to grant a variance under § 3553(a). At sentencing, Rosado's attorney indicated to the District Court that the main point of contention was Rosado's criminal history and, emphasizing the minor nature of the disorderly conduct violation, urged the District Court to consider this argument in sentencing Rosado. In response, the District Court specifically asked the Government to address Rosado's criminal-history argument before discussing the § 5K1.1 departure motion. The Government agreed that Rosado's argument was something the District Court could take into consideration in determining an appropriate sentence, although it maintained that the Guidelines calculation was correct.

Prior to imposing sentence, the District Court acknowledged that Rosado made many compelling points about his background and history and expressed sympathy toward the circumstances that placed him in his current situation, but determined that a within-Guidelines sentence was appropriate under the circumstances of this case. Our case law makes clear that "the sentencing court must provide a record sufficient to allow

§ 4A1.3(b)(1), we would still find no procedural error under *Gunter*'s second step because the Government here conceded at sentencing that the District Court could take Rosado's argument into account in its sentencing decision, indicating that the District Court recognized its authority to depart on this ground but chose not to. *See United States v. Jackson*, 467 F.3d 834, 838-40 (3d Cir. 2006) (concluding that there was no error under *Gunter*'s second step because, even though the district court did not formally rule on a departure motion, the record showed that the district court recognized its authority to depart, but chose not to do so, based on the prosecutor's concession to the plausibility of the downward departure).

a reviewing court to conclude that the sentencing court exercised its discretion," *United States v. Ausburn*, 502 F.3d 313, 328 (3d Cir. 2007), which includes recognizing and responding to the parties' colorable arguments. *United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008); *see also Levinson*, 543 F.3d at 196 n.5 ("'The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" (quoting *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007))). We conclude that the record here demonstrates the District Court adequately considered Rosado's criminal-history argument but ultimately determined, within its discretion, that a downward variance was unwarranted, and therefore we reject Rosado's assertion to the contrary.

## B.

Rosado also argues that the District Court abused its discretion by failing to account under § 3553(a)(6) for the need to avoid an unwarranted sentencing disparity between his sentence and the sentence of his co-defendant.[5] We disagree.

To begin with, although Rosado now argues that the District Court failed to account for his co-defendant's sentence, he did not ask the District Court to consider this during his sentencing. *Cf. Sevilla*, 541 F.3d at 232 (indicating that a district court must

---

[5]Section 3553(a)(6) states that the sentencing court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

address the colorable arguments raised by the defendant). But, more importantly, Rosado's argument is based on a faulty premise; a district court is not necessarily required to take the disparity between co-defendants' sentences into account under § 3553(a)(6). *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). As we explained in *Parker*, "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *Id.* Here, Rosado's sentencing-disparity argument is based solely on a comparison of his sentence with that of his co-defendant, and he has not suggested that allowing his sentence to stand would impair national uniformity in sentencing.

Even accepting the shaky premise on which Rosado's argument is based, we are not persuaded that Rosado and his co-defendant were, in fact, similarly situated at the time of sentencing in light of Rosado's higher criminal history category as well as the defendants' differing roles in the underlying criminal conduct. *See United States v. Vargas*, 477 F.3d 94, 100 (3d Cir. 2007) ("This Court . . . place[s] the burden on the defendant to demonstrate similarity by showing that other defendants' circumstances exactly paralleled his." (internal quotation marks and citation omitted)). We therefore reject Rosado's argument that the District Court abused its discretion by not accounting for the need to avoid an unwarranted sentencing disparity under § 3553(a)(6).

Finally, Rosado claims that the District Court failed to meaningfully consider the § 3553(a) factors and imposed an unreasonable sentence by not varying below the Guidelines range based on his arguments. However, the record does not support these assertions.

In reviewing a district court's sentencing decision for procedural reasonableness, "we must have an explanation from the district court sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *Levinson*, 543 F.3d at 196; *accord Gunter*, 462 F.3d at 247. While "a rote statement of the § 3553(a) factors" is generally insufficient, we do not require a district court to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). And although "we eschew any requirement of direct proportionality, we may look for a more complete explanation to support a sentence that varies from the Guidelines than we will look for when reviewing a sentence that falls within a properly calculated Guidelines range." *Levinson*, 543 F.3d at 197.

At sentencing, Rosado and his attorney asked the District Court to consider, along with his criminal history, his troubled circumstances: that he grew up in poverty in the Dominican Republic, encountered difficult family and economic situations upon moving

to the United States, lacked an education, and faced deportation to the Dominican Republic and separation from his family.[6]  The record demonstrates that, contrary to Rosado's assertion, the District Court addressed these concerns prior to imposing sentence, stating that it "wish[ed] that Mr. Rosado had been here earlier in his career" because he made "a lot of compelling points about his personal background and history that would cause the court to view them sympathetically."  Although the District Court expressed sympathy "to the circumstances that placed him in the situation that he found himself," it explained that other considerable interests under § 3553(a) weighed in favor of imposing a within-Guidelines sentence, including the severity of Rosado's drug dealing, the need to protect the community from his criminal activity, and the necessity for punishment and rehabilitation.  The District Court also expressed its belief that the applicable Guidelines range resulting from its decision to grant the Government's § 5K1.1 downward departure motion was modest and just under these circumstances.

---

[6]Rosado also asserts on appeal that he "tacitly, if not explicitly," raised a crack/powder cocaine disparity argument before the District Court because his co-defendant made such an argument at the co-defendant's sentencing hearing, and implies that the District Court erred by failing to consider this "tacit" argument.  We reject his contention because Rosado, who could have raised this issue himself, did not argue this to the District Court, and there is no indication that the District Court believed it could not consider the disparity under § 3553(a). *See United States v. Wise*, 515 F.3d 207, 222 (3d Cir. 2008) ("Read as a whole, the Court's remarks at sentencing show that it understood that it could sentence [the defendant] outside the Guidelines range but chose not to."); *see also United States v. King*, 518 F.3d 571, 576 (8th Cir. 2008) (stating that the defendant did not ask the district court to consider the disparity and "cannot argue on appeal the district court erred by failing to consider that factor").

While we recognize that the District Court could have profitably elaborated further, the record nevertheless shows that it gave meaningful consideration to the § 3553(a) factors, along with the parties' colorable arguments, and we therefore find no procedural error here. *Cf. Rita*, 127 S. Ct. at 2468 ("[G]iven the straightforward, conceptually simple arguments before the judge, the judge's statement of reasons here, though brief, was legally sufficient. . . . [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

To the extent that Rosado challenges the substantive reasonableness of his sentence, we reject his argument. In reviewing for substantive reasonableness under the "totality of the circumstances," *Gall*, 128 S. Ct. at 597, we understand "that the trial court is in the best position to determine the appropriate sentence." *United States v. Greenidge*, 495 F.3d 85, 102 (3d Cir. 2007) (internal quotation marks omitted). That is, "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise*, 515 F.3d at 218. Although we have stopped short of applying a rebuttable presumption of reasonableness to sentences falling within the Guidelines range, we have acknowledged that such sentences "are more likely to be reasonable than those that fall outside this range." *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007); *see also Gall*, 128 S. Ct. at 597 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."). Here, the District Court, having

13

considered the § 3553(a) factors, found that a within-Guidelines sentence was justified in Rosado's case. As described earlier, it expressed sympathy toward his mitigating arguments, but decided that other relevant factors weighed against varying below the Guidelines range. Viewing the totality of the circumstances here and "[g]iving due respect to the District Court's reasoned appraisal," we cannot say that the District Court abused its discretion. *Wise*, 515 F.3d at 223 (internal quotation marks and citation omitted).

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.[7]

---

[7]Rosado refers at one point in his brief to Amendment 706, which reduced the base offense levels under U.S.S.G. § 2D1.1(c). *See* U.S.S.G. Supp. to App. C, Amend. 706 (Nov. 1, 2007). Amendment 706 was issued after Rosado's sentence and, to the extent he assigns error to the District Court's consideration of the Guidelines calculation at the time of sentencing, his argument is foreclosed by the plain language of § 3553(a)(4)(A)(ii) and our decision in *Wise*, 515 F.3d at 219-20. However, our decision here is rendered without prejudice to relief that he further pursues in the District Court under 18 U.S.C. § 3582(c)(2). *See Wise*, 515 F.3d at 220-21.